# FERDINAND ZIEMON and Another v. EMMA DIESSNER.[1]

January 29, 1915.

Nos. 18,993-(203).

**Finding not sustained by evidence.**

The finding that appellant's deed was delivered to the grantee named in it is not supported by the evidence. [Reporter.]

Action in the district court for Carver county to determine adverse claims to two lots. The case was tried before Morrison, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying her motion for a new trial, Emma Diessner appealed. Reversed.

*Francis Muekel*, for appellant.

*Alfred E. Rietz*, for respondents.

PER CURIAM.

Action by plaintiffs to determine adverse claims to two lots in Waconia, Minnesota. The trial court decided for plaintiffs. Defendant Emma Diessner appealed from an order denying her motion for a new trial.

Defendant Henry R. Diessner, husband of the appellant, owned the lots on April 1, 1905. On that date he gave a quitclaim deed thereof to one Friederich. His wife did not join in the deed. Friederich conveyed by warranty deed to Gatz. Gatz conveyed by warranty deed to plaintiffs. Admittedly appellant's inchoate statutory right in the land as the wife of Diessner has never been released or lost by her, unless the evidence sustains the findings of the trial court that, after the conveyance by Gatz to plaintiffs, she signed, executed and delivered to Gatz a quitclaim deed to the lots.

We would like to sustain this finding, but are unable to do so. We think that it conclusively appears that the deed was never delivered to Gatz or accepted by him. The evidence was substantially this: Plaintiffs wanted a quitclaim deed from appellant to correct their title; Diessner procured his wife to execute one to Gatz; he made a bargain with Gatz that his wife would give him the deed if Gatz would sign a satisfaction of a judgment he held against Diessner; Gatz "agreed partly" to this, and the deed was placed with the cashier of a local bank to be delivered to Gatz in case "he came up to the bargain" when "the papers were signed." Gatz never satisfied the judgment. Diessner afterwards

[1] Reported in 150 N. W. 1103.

paid it, and took back the deed. Gatz testified that he never received the deed, refused to do so. The cashier offered to deliver the deed to Gatz, but he refused to take it. Together they visited the office of the register of deeds and the cashier asked to have the deed recorded. Gatz consulted the county attorney as to whether the deed would pass the title; the opinion given does not appear, but the register refused to record the deed, it was retained by the cashier, afterwards returned to Diessner and destroyed. It requires no more than this statement of the evidence to show that the finding of a delivery of the deed to Gatz has no support in the evidence.

Order reversed.